Dear Mr. Parker:
You have requested an opinion of the Attorney General relative to the legal authority of the Caddo Parish Sheriff and Ex-Officio Tax Collector ("Tax Collector") to compromise and/or waive the collection of penalties, interest and costs on delinquent ad valorem taxes on movable and/or immovable property. You further ask whether it matters that the movable or immovable property has been adjudicated.
As you are aware, R.S. 47:1993(D) requires the Caddo Parish Assessor to file the tax rolls of his parish on or before the 15th day of November in each calendar year. The time for the payment of ad valorem taxes on movable and immovable property is established in R.S. 47:2101. It provides, in pertinent part, as follows:
 (1) All taxes shall be collected in the calendar year in which the assessment thereof is made, . . . and the taxes assessed in each year shall be due in that calendar year as soon as the tax roll is filed in the office of the recorder of mortgages, . . .
 * * *
 The interest on all ad valorem taxes, whether levied on movable or immovable property, which are delinquent shall begin on the thirty-first day of December of each and every year and shall bear interest from December thirty-first of such year until paid, at the rate of one percent per month or any part thereof. In the event of an erroneous assessment and adjustment by the tax commission, the taxpayer shall have fifteen days from receipt of notice of the revised assessment in which to pay the adjusted amount without interest penalty. If the address provided by the tax assessor on the tax roll proves to be incorrect and the tax debtor does not receive a timely notice, the tax collector may extend to the debtor a fifteen-day notice in which to pay without interest penalty.
 * * *
 C. The notice shall request the tax debtor to return the notice to the tax collector with remittance, and shall remind the tax debtor of the date that taxes become delinquent following issuance of such notice and that interest will accrue on the taxes from and after the date the taxes become delinquent. Interest shall accrue at the rate prescribed by law, which rate, or a brief description of the manner in which the rate is calculated, shall be stated in the notice. (Emphasis added.)
As can be seen from the above, interest on delinquent ad valorem taxes for movable and immovable property begins to accrue on the 31st day of December of each tax year. However, as provided in Paragraph (A)(3), in the event of an erroneous assessment and adjustment by the Tax Commission, the taxpayer must be given 15 days from the receipt of the notice of the revised assessment in which to pay the adjusted amount without interest penalty. Further, in the event the tax roll contains an incorrect address for the tax debtor, the Tax Collector may extend to the debtor a 15-day notice in which to pay said taxes without interest penalty.
In Attorney General Opinion No. 99-257, this office concluded that, in the event of an erroneous assessment and subsequent revision and adjustment by the Tax Commission, the waiver of the interest penalty does not apply to the payment of all taxes, but only that interest attributable to the revised assessment.
This office has consistently opined that political subdivisions of the State, including the Tax Collector, can not waive penalties, interest and costs due on delinquent ad valorem taxes on movables and/or immovables. Attorney General Opinion Nos. 00-471, 80-988 and 78-1624. We have noted two exceptions to this general rule. The first is provided by law in R.S. 47:2101(A)(3), discussed supra.
The second exception is discussed most recently in Opinion No. 00-471. The issue presented therein was whether interest and penalties for the late payment of ad valorem taxes must be calculated from December 31, 2000, where substantial delays in the filing of the tax rolls occurred as a result of the reassessment and adjustment of millages required by Art. VII, Secs. 18 (F) and 23. In some cases, the tax rolls were not filed until December 15, 2000. Therein, we concluded:
 While we have been unable to find any statutory authorization for the recalculation of the payment of interest and penalties, we believe that a strict interpretation of these statutory provisions would be inconsistent with the spirit of the tax assessment-related constitutional provisions. The concept of reassessment and valuation to ensure the uniformity of property assessments is for the benefit of taxpayers and tax recipients. To condemn the taxpayer to pay penalties and interest commencing December 31, in the case of delinquently filed tax rolls would be inequitable.
 Accordingly, it is the opinion of this office that no interest or penalties should be assessed to taxpayers on December 31, 2000, unless the respective tax rolls were timely filed on November 15, 2000. In the case of late filing, interest or penalties should not be assessed until 45 days from the actual date of filing of the tax rolls. In accord are Attorney General Opinion Nos. 79-1458, 79-704 and 78-1624.
As can be seen from the above, in the case of a late filing of the tax rolls, interest and/or penalties should not be assessed until forty-five days from the actual date of the filing.
In answer to your second question, Attorney General Opinion No. 80-988 specifically held that penalties, interest and/or costs accrued on movable or immovable property adjudicated for the non-payment of ad valorem taxes could not be waived.
Parenthetically, we note that you refer to R.S. 47:2109 as granting to the "Legislative Auditor" the authority to compromise or negotiate tax claims under certain circumstances. That section provides:
 The auditor shall have full power and authority to compromise all claims of the state for taxes due on property adjudicated to the state by remission of all interest and costs, conditional upon payment by the owner of the property of all taxes due; provided that this paragraph shall apply only to properties of the value of one thousand dollars or less, and shall not apply to taxes with respect to which the tax privilege or mortgage has not prescribed.
Please note that the term "auditor" as used in the above statutory provision does not refer to the Legislative Auditor, but rather the old office of State Comptroller. It is our understanding that this office has either been abolished or made a function of the State's Division of Administration.
Trusting this adequately responds to your inquiries, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI:REH, III:jv